Thomas W. McNamara (SBN 127280)
Daniel M. Benjamin (SBN 209240)
Edward Chang (SBN 268204)
MCNAMARA BENJAMIN LLP
501 West Broadway, Suite 2020
San Diego, California 92101
Telephone:   (619) 269-0400
Facsimile:    (619) 269-0401
Email:  tmcnamarallp@mcnamarallp.com
          dbenjamin@mcnamarallp.com
          echang@mcnamarallp.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JING WANG,

               Plaintiff,

        v.

GARY YIN,

               Defendant.

Case No. **'16CV0136 BAS KSC**

**COMPLAINT**

Plaintiff Jing Wang ("Plaintiff" or "Wang"), hereby brings the following Complaint against the Defendant Gary Yin ("Defendant" or "Yin") and alleges the following:

## PARTIES

1.     Plaintiff Wang is a resident of California, residing in San Diego County, California.

2.     On information and belief, Defendant is a resident of California residing in San Diego County, California.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

COMPLAINT

4.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), and, independently, and on information and belief, under 28 U.S.C. § 1391(b)(1).

## BACKGROUND

5.     Plaintiff brings this action for contribution as to $1,200,000 in restitution he has paid to Merrill Lynch pursuant to a judgment entered against him in *United States v. Wang*, S.D. Cal. Case No. 13-CR-3487 (the "*Wang* Action"). A true and correct copy of that judgment is attached hereto as Exhibit 1, and incorporated herewith.

6.     Defendant was subject to a corresponding restitution judgment of $1,200,000, also payable to Merrill Lynch, in an action entitled *United States v. Yin*, S.D. Cal. Case No. 13-CR-3488 (the "*Yin* Action"). A true and correct copy of that judgment is attached hereto as Exhibit 2, and incorporated herewith.

7.     As set out in Exhibits 1 and 2 (which are referred to herein as the "judgments"), the judgments are joint and several with each other, such that, in total, Plaintiff and Defendant were collectively ordered to pay the same $1,200,000 to Merrill Lynch, jointly and severally.

8.     Plaintiff has, in fact, paid the entire $1,200,000 to Merrill Lynch.

9.     Defendant has not contributed any payment at all as to these judgments as to which Plaintiff and Defendant are jointly and severally liable.

10.     The basis for the restitution judgment against Plaintiff was, *inter alia*, Plaintiff's conviction for violations of 15 USC § 78j(b),78ff and 17 C.F.R. 240.10b-5 ("section 10b-5"), which are respectively sections of, and a regulation issued under, the Securities Exchange Act of 1934 (the "'34 Act"). *See* Exhibit 1. In particular, Plaintiff was convicted of insider trading in violation of the '34 Act and section 10b-5.

11.     Defendant, as part of a plea bargain, pled to a lesser offense and not a violation of the '34 Act or section 10b-5. However, the facts admitted to by Defendant in the *Yin* Action (including, but not limited to, in his plea agreement),

COMPLAINT

together with additional evidence that will be shown at trial, demonstrate that Defendant is liable for insider trading under the '34 Act and section 10b-5.  In particular, the relevant facts are as follows:

    a.    Defendant was, from 2005 and 2013, the Financial Adviser at Merrill Lynch for accounts owned or controlled by Plaintiff.  Defendant received payment for providing these services.

    b.    During this time, Defendant owed fiduciary duties to his employer, Merrill Lynch, including but not limited to:  not trading based on inside information; not engaging in illegal "piggyback trades"; and fully, honestly, and accurately reporting the facts concerning the trades he caused to be executed.

    c.    Defendant was aware that:  Plaintiff was a senior officer at a large, publicly traded technology company (the "Company"); Plaintiff was privy to insider information regarding the Company; and Plaintiff owed fiduciary duties to the Company.

    d.    Defendant also was aware of the trading restrictions and reporting requirements applicable to Plaintiff as an officer at the Company, both based on the Company's internal rules and the Securities and Exchange Commission's ("SEC") requirements.

    e.    In or about 2006, Defendant created a British Virgin Islands ("BVI") shell company to execute trades that Plaintiff controlled.

    f.    At about this same time, Defendant also created his own BVI company through which he could conduct his own trading, concealed from his employer, Merrill Lynch.

    g.    On or about March 1, 2010, Defendant caused Plaintiff's BVI shell company to purchase Company stock.  Defendant knew that any such trade had to be reported to the SEC and the Company, but did not do so and instead concealed the trade.  Defendant also failed to disclose

COMPLAINT

these facts to Merrill Lynch despite having a duty to do so. The stock was subsequently sold for a profit after the Company publicly released material information that caused its stock price to increase. In making this trade (and subsequent sale for a profit), and in failing to make the required disclosures to the SEC, the Company, and Merrill Lynch, Defendant knew, or acted with a reckless disregard reflecting a degree of conscious or intentional disregard, that he was violating the '34 Act and section 10b-5.

h. Also on or about March 1, 2010, Defendant made his own "piggyback" trade to purchase the Company's stock. The stock was subsequently sold for a profit after the Company publicly released material information that caused its stock price to increase. Defendant failed to disclose these facts to Merrill Lynch despite having a duty to do so. In making this trade (and subsequent sales for a profit) on his own behalf, and in failing to disclose these facts to Merrill Lynch, Defendant knew, or acted with a reckless disregard reflecting a degree of conscious or intentional disregard, that he was violating the '34 Act and section 10b-5.

i. On or about December 6, 2010, Defendant caused Plaintiff's BVI entity to purchase stock in a second, publicly traded technology company (the "Second Company"). Defendant knew from the circumstances under which the instructions were given, or acted with a reckless disregard reflecting a degree of conscious or intentional disregard based on the circumstances in which the trade was being executed, that this trade violated the '34 Act and section 10b-5. Defendant failed to disclose these facts to Merrill Lynch despite having a duty to do so.

COMPLAINT

j.    The next day, on or about December 7, 2010, Defendant, aware of Plaintiff's insider status at the Company and aware of Plaintiff's trade in the Second Company's stock the prior day, made his own "piggyback" trade to purchase the Second Company's stock through Defendant's BVI entity.

k.    On January 4, 2011, it was publicly announced that the Company would be purchasing the Second Company, and the value of stock in the Second Company increased by approximately 20%.

l.    On or about January 10, 2011, Defendant spoke to Plaintiff about the trade in the Second Company's stock and stated that both he and Plaintiff could get in trouble because of that trade. Defendant failed to disclose these facts to Merrill Lynch despite having a duty to do so.

m.    Defendant then subsequently sold both his BVI company's and Plaintiff's BVI company's stock in the Second Company, causing them both to realize a profit. Defendant failed to disclose these facts to Merrill Lynch despite having a duty to do so.

n.    In making the December 6, 2010 trades (and subsequent sales for a profit) through Plaintiff's and his BVI shell companies, and in failing to disclose these facts to Merrill Lynch, Defendant knew, or acted with a reckless disregard reflecting a degree of conscious or intentional disregard, that he was violating the '34 Act and section 10b-5.

o.    On or about January 25, 2011, Defendant once again used Plaintiff's BVI entity to purchase the Company's stock. Defendant knew that any such trade had to be reported to the SEC and the Company, but did not do so and instead concealed the trade. Defendant also failed to disclose these facts to Merrill Lynch despite having a duty to do so. The stock was subsequently sold for a profit after the Company publicly released material information that caused its stock price to increase. In making

COMPLAINT

1    January 25, 2011 trade (and subsequent sale for a profit), and in failing
2    to make the required disclosures to the SEC, the Company, and Merrill
3    Lynch, Defendant knew, or acted with a reckless disregard reflecting
4    a degree of conscious or intentional disregard, that he was violating
5    the '34 Act and section 10b-5.

6    p.    Beginning in 2011, and continuing through February 2013, Defendant
7    conspired to hide the true facts about the '34 Act and section 10b-5
8    violations from both the SEC and his employer, Merrill Lynch, as
9    admitted to in Defendant's plea agreement that he executed under
10    penalty of perjury, a true and correct copy of which is hereby attached
11    as Exhibit 3.  (That plea agreement is incorporated by reference herein,
12    but only those portions of it expressly repeated in this Complaint are
13    deemed true by Plaintiff; Plaintiff does not admit to the truthfulness of
14    the remainder of Defendant's plea agreement.)

15    q.    Due to the unlawful conduct by Defendant in violation of the '34 Act
16    and section 10b-5, Merrill Lynch began an investigation of
17    Defendant's actions with regard to the BVI entities and the stock trades
18    involving the Company and the Second Company identified above.
19    Merrill Lynch also had to investigate Defendant's dealings with his
20    other clients, and had to determine if Defendant had engaged in
21    "piggyback" trades as to his other clients.

22    r.    Eventually, after both Plaintiff and Defendant pled guilty as stated
23    above, and pursuant to the terms both of a stipulation entered in the
24    *Wang* Action and (on information and belief) of a stipulation entered
25    in the *Yin* Action[1],   Merrill Lynch was awarded the $1,200,000

26

27    [1]  The stipulation entered in the *Yin* Action is presently filed under seal.  But
28    Plaintiff's counsel understands it similarly agreed to a joint and several judgment
for $1,200,000 being entered.

COMPLAINT

restitution judgments against Plaintiff and Defendant, jointly and severally, to cover Merrill Lynch's expenses in investigating the violations of the '34 Act and section 10b-5, which violations included Defendant's breaches of his duties to Merrill Lynch as his employer.

## COUNT I

### CONTRIBUTION UNDER THE '34 ACT AND SECTION 10B-5

12. Plaintiff repeats and realleges the allegations of each and every one of the prior paragraphs, inclusive, as if fully set forth herein.

13. Pursuant to the terms of their respective judgments, Plaintiff and Defendant are jointly and severally liable for the $1,200,000 to be paid in restitution to Merrill Lynch.

14. This joint and several liability arises from both parties' conduct that violated section 10(b) of the '34 Act (codified at 15 U.S. Code § 78j(b)) and section 10b-5 of its implementing regulation.

15. Accordingly, both Plaintiff and Defendant had a duty to pay the $1,200,000 to Merrill Lynch.

16. However, while Plaintiff in fact has paid the entire $1,200,000 to Merrill Lynch, Defendant has not contributed to the payment of the judgments.

17. In *Musick, Peeler & Garret v. Employers Ins.*, 508 U.S. 286 (1993), the Supreme Court held that Congress created a right to sue for contribution in a section 10b-5 case under the '34 Act. *See id.* at 298 ("[O]ur resolution is clear: Those charged with liability in a 10b-5 action have a right to contribution against other parties who have joint responsibility for the violation.")

18. Plaintiff therefore seeks damages from Defendant in the amount of Defendant's required contribution towards the judgments. Plaintiff asks that the amount of contribution be determined as required by law, and that in no event it be less than at least $600,000 (50% of the judgments), or such greater or other amount

COMPLAINT

as may proven at trial, together with pre- and post-judgment interest to the full extent permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

1.    Awarding to Plaintiff $600,000 or such other amount as the Court may determine Defendant owes to Plaintiff for contribution.

2.    Pre- and post-judgment interest to the extent permitted by law.

3.    Reasonable costs and attorneys' fees to the extent permitted by law.

4.    For such other and further relief as the Court may deem proper.

DATED: January 20, 2016                    MCNAMARA BENJAMIN LLP

By: _/s/ Daniel M. Benjamin_
Daniel M. Benjamin
*Attorneys for Plaintiff*

COMPLAINT

1

**TABLE OF CONTENTS**

2

**EXHIBIT**               **DESCRIPTION**                     **PAGE**

3        1        Judgment, *United States v. Wang*, No. 13-CR-3487        1
                  (S.D. Cal.)
4

5        2        Judgment, *United States v. Yin*, No. 13-CR-3488 (S.D.        7
                  Cal.)
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

⊕AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
Sheet 1

FILED

AUG 2 6 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

JING WANG (1)

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 13CR3487-WQH

BRIAN HENNIGAN, RET
Defendant's Attorney

FILED

SEP 0 9 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

**REGISTRATION NO.** 45477298

☒ Addition of Restitution Order (18 U.S.C. § 3664)

THE DEFENDANT:

☒ pleaded guilty to count(s)  1 AND 2 OF THE SUPERSEDING INFORMATION

☐ was found guilty on count(s) _____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 15 USC 78j(b),78ff and 17 C.F.R. 240.10b-5 and 18 USC 2 | SECURITIES FRAUD (Insider Trading) | 1 |
| 18 USC 1956(a)(1)(B)(i) | MONEY LAUNDERING | 2 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) Underlying indictments                            is ☐  are ☒  dismissed on the motion of the United States.

☒ Assessment: $200.00 ($100.00 each count)

☐ Fine waived            ☒ Forfeiture pursuant to order filed ___April 3, 2015___ , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

JUNE 26, 2015
Date of Imposition of Sentence

HON. WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

EXHIBIT 1
Page 1

13CR3487-WQH

Case 3:16-cv-00136-BAS-KSC    Document 1    Filed 01/20/16    PageID.12    Page 12 of 23
Case 3:13-cr-03487-WQH    Document 164    Filed 08/26/15    Page 2 of 6
Case 3:13-cr-03487-WQH    Document 168    Filed 09/09/15    Page 2 of 6

AO 245B (CASD) (Rev. 4/14)    Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment -- Page __2__ of __6__

DEFENDANT: JING WANG (1)
CASE NUMBER: 13CR3487-WQH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

18 months as each count concurrently

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to a facility in the Western Region

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.  on _____

as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒ before / on September 4, 2015 by noon

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant ~~delivered~~ SSD on __09-04-2015__ to __LOMPOC  USP  SCP__

at __Lompoc, California__ , with a certified copy of this judgment.

STEVE  STAFFORD
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

13CR3487-WQH

EXHIBIT 1
Page 2

Case 3:16-cv-00136-BAS-KSC   Document 1   Filed 01/20/16   PageID.13   Page 13 of
Case 3:13-cr-03487-WQH   Document 164   Filed 08/26/15   Page 3 of 6
Case 3:13-cr-03487-WQH   Document 168   Filed 09/09/15   Page 3 of 6

AO 245B (CASD) (Rev. 4/14)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: JING WANG (1)
CASE NUMBER: 13CR3487-WQH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years as to each count concurrently

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

EXHIBIT 1
Page 3

13CR3487-WQH

Case 3:16-cv-00136-BAS-KSC    Document 1    Filed 01/20/16    PageID.14    Page 14 of
Case 3:13-cr-03487-WQH    Document 164    Filed 08/26/15    Page 4 of 6
Case 3:13-cr-03487-WQH    Document 168    Filed 09/09/15    Page 4 of 6

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 4 — Special Conditions

| | Judgment—Page | 4 | of | 6 |

DEFENDANT: JING WANG (1)
CASE NUMBER: **13CR3487-WQH**

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within  24  hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☒ Not engage in any employment or profession involving fiduciary responsibilities.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☒ Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within          days.

☐ Complete          hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

EXHIBIT 1
Page 4

13CR3487-WQH

Case 3:16-cv-00136-BAS-KSC     Document 1     Filed 01/20/16     PageID.15     Page 15 of
Case 3:13-cr-03487-WQH     Document 164     Filed 08/26/15     Page 5 of 6
Case 3:13-cr-03487-WQH     Document 168     Filed 09/09/15     Page 5 of 6

AO 245S      Judgment in Criminal Case
             Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT: JING WANG (1)
CASE NUMBER: 13CR3487-WQH

## FINE

The defendant shall pay a fine in the amount of _____$500,000_____ unto the United States of America.

This sum shall be paid      ____ immediately.
                            _×_ as follows:

Pay a fine in the amount of $500,000 ($250,000 per count) through the Clerk, U. S. District Court. Payment of fine shall be forthwith. During any period of incarceration the defendant shall pay fine through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the fine during his supervised release at the rate of $15,000 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the fine judgment at any time. Until fine has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no laterthan thirty (30) days after the change occurs.

The Court has determined that the defendant _does_ have the ability to pay interest.  It is ordered that:

____  The interest requirement is waived.

____  The interest is modified as follows:

13CR3487-WQH

EXHIBIT 1
Page 5

Case 3:16-cv-00136-BAS-KSC    Document 1    Filed 01/20/16    PageID.16    Page 16 of
Case 3:13-cr-03487-WQH    Document 164    Filed 08/26/15    Page 6 of 6
Case 3:13-cr-03487-WQH    Document 168    Filed 09/09/15    Page 6 of 6

AO 245S    Judgment in Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: JING WANG (1)                                          Judgment — Page   6   of   6
CASE NUMBER: 13CR3487-WQH

## RESTITUTION

The defendant shall pay restitution in the amount of _____1,200,000.00_____ unto the United States of America.

This sum shall be paid ____ immediately.
                        ✗   as follows:

 Defendant shall pay restitution in the amount of $ 1,200,000.00 to Merrill Lynch, joint and several with Gary Yin, to the following: David Montague, Bank of America Corp., 50 Rockefeller Plaza, 7th Floor, New York, NY 10020, through the Clerk, U.S. District Court. Payment of restitution shall be forthwith and in a lump sum. During any period of incarceration the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter whichever is greater. Defendant shall pay the restitution during his supervised release at the rate of $ 33,334.00 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.
All other provisions of the Judgment filed on June 26, 2015, including the self surrender dated on September 4, 2015, shall remain in effect.

The Court has determined that the defendant _____ have the ability to pay interest. It is ordered that:

____    The interest requirement is waived.

____    The interest is modified as follows:

                                                                        13CR3487-WQH

EXHIBIT 1
Page 6

EXHIBIT 2

AO 245B (CASD) (Rev. 4/14)    Judgment in a Criminal Case
Sheet 1

**FILED**

**AUG 2 6 2015**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

**v.**

GARY YIN (1)

REGISTRATION NO. 40669298

☐

THE DEFENDANT:

☒ pleaded guilty to count(s)  1 OF THE INFORMATION

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:  13CR3488-WQH

FRANK VECCHIONE, RET
Defendant's Attorney

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | CONSPIRACY TO COMMIT OFFENSES AGAINT THE UNITED STATES | 1 |

The defendant is sentenced as provided in pages 2 through ____6____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ is ☐  are ☒  dismissed on the motion of the United States.

☒ Assessment: $100.00

☐ Fine waived          ☒ Forfeiture pursuant to order filed  November 20, 2013 , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

AUGUST 25, 2015
Date of Imposition of Sentence

HON. WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

EXHIBIT 2
Page 7

13CR3488-WQH

AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT: GARY YIN (1)
CASE NUMBER: **13CR3488-WQH**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

TIME SERVED

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**13CR3488-WQH**

EXHIBIT 2
Page 8

AO 245B (CASD) (Rev. 4/14)  Judgment in a Criminal Case
      Sheet 3 — Supervised Release

| | | |
|---|---|---|
| | Judgment—Page | 3 of 6 |

DEFENDANT: GARY YIN (1)                        ■
CASE NUMBER: **13CR3488-WQH**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than  **4**  drug tests per month during the term of supervision, unless otherwise ordered by court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

     future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒   The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis
     Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

EXHIBIT 2
Page 9

13CR3488-WQH

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 4 — Special Conditions

Judgment—Page ___4___ of ___6___

DEFENDANT: GARY YIN (1)
CASE NUMBER: **13CR3488-WQH**

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within  24  hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not engage in any employment or profession involving fiduciary responsibilities.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☒ Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within          days.

☐ Complete          hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

EXHIBIT 2
Page 10

AO 245S    Judgment in Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT: GARY YIN (1)
CASE NUMBER: 13CR3488-WQH

➕

## FINE

The defendant shall pay a fine in the amount of _____ $5,000 _____ unto the United States of America.

This sum shall be paid ____ immediately.
           ✗ as follows:

Pay a fine in the amount of $5,000 through the Clerk, U. S. District Court. Payment of fine shall be forthwith. During any period of incarceration the defendant shall pay fine through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater. The defendant shall pay the fine during his supervised release at the rate of $3,000 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the fine judgment at any time. Until fine has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

The Court has determined that the defendant _____ have the ability to pay interest. It is ordered that:

____ The interest requirement is waived.

____ The interest is modified as follows:

EXHIBIT 2
Page 11

13CR3488-WQH

AO 245S    Judgment in Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___6___

DEFENDANT: GARY YIN (1)
CASE NUMBER: 13CR3488-WQH

# RESTITUTION

The defendant shall pay restitution in the amount of ___$1,428.287___ unto the United States of America.

This sum shall be paid ____ immediately.
                       ____ as follows:

Defendant shall pay restitution for investigative costs as follows:
Defendant shall pay restitution in the total amount of $1,428,287 to Merrill Lynch, with $ 1,200,000 of this total amount, joint and several with Jing Wang, to the following: David Montague, Bank of America Corp., 50 Rockefeller Plaza, 7th Floor, New York, NY 10020, through the Clerk, U.S. District Court. Payment of restitution shall be forthwith and in a lump sum. During any period of incarceration the defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter whichever is greater. Defendant shall pay the restitution during his supervised release at the rate of $ 39,675.00 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment. The Clerk of the Court shall credit restitution payments initially to satisfy defendant's individual liability and thereafter to the Defendant's joint and several liability.

The Court has determined that the defendant _____ have the ability to pay interest. It is ordered that:

__ The interest requirement is waived.

__ The interest is modified as follows:

EXHIBIT 2
Page 12

13CR3488-WQH